```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO

GRETCHEN RAMÍREZ SOSA,               *
                                     *      CIVIL NO.
     Plaintiff,                      *
                                     *      RE: EMPLOYMENT RIGHTS
     v.                              *
                                     *
BARAKAH TWO THOUSAND DRUGS, LLC,     *      PLAINTIFF DEMANDS
and UNITED THREE BROTHERS, INC.,     *      TRIAL BY JURY
d.b.a. FARMACIAS CARIDAD; and        *
INSURANCE COMPANY "ABC,"             *
                                     *
     Defendant.                      *
*************************************
```

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, by and through the undersigned counsel, and respectfully alleges, states and requests, as follows:

### I. INTRODUCTION

1.1   The plaintiff brings this complaint against her former employer, claiming compensatory relief for age discrimination, pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA").

1.2   The plaintiff also brings this Complaint for age discrimination and wrongful discharge under local laws.

1.3   Plaintiff demands trial by jury.

### II. JURISDICTION

2.1   This Honorable Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. §1331. This action is authorized pursuant to 29 U.S.C. §626.

2.2   This Honorable Court has personal jurisdiction over this civil action because the employment practices and other acts

alleged to be unlawful were committed and the damages were suffered by Plaintiff within the jurisdiction of the United States District Court, District of Puerto Rico.

2.3 Furthermore, pursuant to 42 U.S.C. §1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by Plaintiff, pursuant to Law No. 100 of June 30, 1959 (29 L.P.R.A. §§ 146 *et. seq.*; henceforth "Act 100") and Law No. 80 of May 30, 1976 (29 L.P.R.A. §§ 185a *et. seq.*; henceforth "Act 80"), since they are so related to the aforestated federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

2.4 On June 19, 2018, Plaintiff filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission. Plaintiff received the right-to-sue letter within 90 days prior to the filing of this complaint.

### III. THE PARTIES

3.1 The plaintiff, **Ms. Gretchen Ramírez-Sosa** ("**Ramírez**" or "Plaintiff"), is a resident of the Commonwealth of Puerto Rico and citizen of the United States of America. Plaintiff was born on July 6, 1953, and is presently 65 years old.

3.2 At all times relevant herein **Ramírez** was an employee, within the meaning of the applicable statutes and in an age group protected by such statutes, who fulfilled duties for Defendant as Director of its Human Resources Office.

3.3  **Ramírez,** throughout her tenure with **Farmacias Caridad**, was duly qualified to carry out the duties assigned to her in the position of Director of Human Resources; she performed her functions with a high degree of excellence, diligence and interest in her work; she had a spotless record; and, she expected to be treated in a professional and respectful manner at the workplace by her employer, without the fear of being the object of discrimination by reason of her age.

3.4  At all times relevant herein, the defendants **Barakah Two Thousand Drugs, LLC,** and **United Three Brothers, Inc., d.b.a. Farmacias Caridad** (henceforth collectively referred to as "**Farmacias Caridad**" or "Defendant"), were corporations duly incorporated under the laws of the Commonwealth of Puerto Rico, with their respective principal place of business in Bayamón, Puerto Rico, which were authorized to engage, as they did engage, in the pharmacy business in the island, where they operated a chain of drug stores, with locations in the municipalities of San Juan, Barceloneta, Bayamon, Carolina, Caguas and Vega Baja.

3.5 At all times relevant herein, **Farmacias Caridad** was an employer, within the meaning of the applicable statues, which had more than 300 employees and was engaged in an industry affecting interstate commerce.

3.6 At all times relevant herein, **INSURANCE COMPANY "ABC,"** which is designated with a fictitiou name because its true name is unknown to Plaintiff at this time, was an insurance company duly organized and existing under the laws of the Commonwealth of Puerto

Rico, which had its principal place of business located in the island and was authorized to engage, as it did, in the insurance business in the Commonwealth of Puerto Rico.

3.7  At all times relevant herein, **INSURANCE COMPANY "ABC"** had issued and had in full force and effect an insurance policy which provided coverage for the civil liability of **Farmacias Caridad** for damages in a claim such as the one set forth in this Complaint.

### IV. FACTUAL ALLEGATIONS

4.1  During the beginning of the month of April 2016, **Ramírez** worked as an independent contractor of **Farmacias Caridad** doing consulting work for the Human Resources Office.

4.2 On April 12, 2016, **Farmacia Caridads**, through its Vice-president **Mr. Nabil Yassin ("Yassin")** extended an offer of employment to **Ramírez** to occupy the position of Director of Human Resources.

4.3  Ramírez **accepted** the employment offer extended by **Farmacias Caridad**, but asked that she be allowed to start work on July 1, 2016, in order to establish a process of cancellation of services and transition with the clients she had as a consultant.

4.4 On June 30, 2016, **Ramírez** sent an e-mail to **Yassin** telling him that she had already completed all pending commitments and could officially, exclusively and fully integrate with **Farmacias Caridad.**

4.5  On July 1, 2016, **Ramírez** began working as a full-time employee without a fixed term for **Farmacias Caridad** in the position of Director of Human Resources, at the company's headquarters, with

a monthly salary of $6,153.84 plus employment benefits, such as payment for the lease of a company car ($535.00 per month) and cellular phone ($85.00 per month), and coverage in the group medical plan for employees ($500.00 per month), as well as reimbursement of expenses (*e.g.,* car maintenance and gas). In short, throughout her employment with Defendant, **Ramírez**'s monthly salary and employment benefits amounted to approximately $7,273.85.

4.6 As Director of Human Resources of **Farmacias Caridad**, **Ramírez** performed the following functions: she was in charge of the recruitment process, including the publication of available posts, the interviews of potential employees, the employment offers and the initial employment processes; she carried out all labor relations, disciplinary and dismissal processes; she was in charge of solving payroll problems; and, she appeared on behalf of **Farmacia Caridad,** as its Director of Human Resources, in all State and Federal labor law cases before several agencies, including the Bureau of Employment Security, the Bureau of Labor Standards, and the Equal Employment Opportunity Commission.

4.7 On October 14, 2017, **Ramírez** realized that she had been removed from the Human Resources communication group. In view thereof, she asked **Yassin** whether something had happened with the communication between said group. **Yassin** responded that she had access to her personal e-mail box and ordered her to open it and review the incoming e-mails.

4.8 Following **Yassin's** instruction, **Ramírez** opened her e-mail box and realized that on October 13, 2017, **Yassin** had sent her an

email terminating her employment as Director of Human Resources, effective that same date and without articulating any reason to justify such decision.

4.9 **Farmacias Caridad** replaced **Ramírez** in the post of Director of Human Resources with **María Elena Torres,** a considerable much younger person of lesser qualifications and with less experience than she had.

4.10 **Farmacias Caridad** discriminated against **Ramírez** in her employment by reason of her age. **Farmacias Caridad** treated **Ramírez** less favorably than younger employees who were similarly situated. She was treated differently from younger employees because of the disparate way by which she was discharged. Her termination was unjustified and arbitrary and constituted an act of discrimination on the basis of her age.

## V. CAUSES OF ACTION

**First Cause of Action:**

5.1 The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

5.2 This First Cause of Action arises under ADEA, 29 U.S.C. §626(c).

5.3  **Farmacias Caridad** discharged and otherwise unlawfully discriminated against **Ramírez** with respect to her terms, conditions and privileges of employment because of her age, in violation of 29 U.S.C. §623(a).

5.4  **Farmacias Caridad's** unlawful discharge of **Ramírez** caused her to sustain a loss of earnings. Defendant is thus, liable to Plaintiff for back pay. To date, Defendant's unlawful discharge of Plaintiff has caused her to sustain a loss of earnings in the approximate amount of $109,107.60 ($7,273.84 x 15 months).

5.5  Since the Defendant unlawfully discharged Plaintiff, she is entitled to be reinstated in her employment, pursuant to 29 U.S.C. §626(b).

5.6  Pursuant to 29 U.S.C. §626(b), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. §1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE**, **Ramírez** demands that Judgment be entered in her favor and against **Farmacias Caridad:** commanding the latter to reinstate her in her employment; granting her back pay, in an amount which at this time is reasonably estimated to be no less than **ONE HUNDRED AND NINE THOUSAND ONE HUNDRED AND SEVEN DOLLARS ($109,107.00**) and front pay; awarding her a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting her such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Second Cause of Action:**

5.7   The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

5.8   This Second of Action arises under Act 100, 29 L.P.R.A. §146.

5.9   **Farmacias Caridad** discharged and otherwise unlawfully discriminated against **Ramírez** with respect to the compensation, terms, categories, conditions and privileges of her employment by reason of her age, in violation of 29 L.P.R.A. §146.

5.10 **Farmacias Caridad's** unlawful discharge of **Ramírez** caused her to sustain a loss of earnings. Defendant is thus, liable to Plaintiff for back pay. To date, Defendant's unlawful discharge of Plaintiff has caused her to sustain a loss of earnings in the approximate amount of $109,107.60 ($7,273.84 x 15 months).=

5.11 As a direct result of **Farmacias Caridad's** unlawful employment practices, **Ramírez** suffered, is suffering and will continue to suffer severe mental, psychological, moral and emotional pain, anguish and distress.

5.12 On the basis of the foregoing, **Ramírez** is entitled to receive a full, just and fair compensation for the aforestated mental and pecuniary damages which, pursuant to 29 L.P.R.A. §146, consists in the twofold amount of the actual damages suffered by her.

5.13 Since **Farmacias Caridad** unlawfully discharged **Ramírez**, she is entitled to be reinstated in her employment, pursuant to 29 L.P.R.A. §146.

5.14 Pursuant to Rule 44 of the Puerto Rico Rules of Civil Procedure, Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE, Ramírez** demands that Judgment be entered in her favor and against **Farmacias Caridad:** commanding the latter to reinstate Plaintiff in her employment; granting her back pay, in an amount which at this time is reasonably estimated to be no less than ONE HUNDRED AND NINE THOUSAND ONE HUNDRED AND SEVEN DOLLARS ($109,107.00) and front pay; awarding her compensation for mental damages in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00); doubling such amounts for a global award of **FIVE HUNDRED AND EIGHTEEN THOUSAND TWO HUNDRED AND FIFTEEN DOLLARS ($518,215.00);** awarding her a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting her such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Third Cause of Action:**

5.15 The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

5.16 This Third of Action arises under Act 80, 29 L.P.R.A. §185a *et. seq.*

5.17 **Farmacias Caridad** discharged **Ramírez** from her employment without just cause, in violation of 29 L.P.R.A. §185b. Consequently, Plaintiff is entitled to receive from Defendant the salary and additional compensation provided by 29 L.P.R.A. §185a.

5.18 Pursuant to 29 L.P.R.A. § 185k, Rule 44 of the Puerto Rico Rules of Civil Procedure, Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to an award for the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE, Ramírez** demands that Judgment be entered in her favor and against **Farmacias Caridad:** granting her the statutory severance pay; awarding her a reasonable amount for attorney's fees, the costs of this action and post-judgment interests; and, granting her such other further relief that under the circumstances may seem appropriate to this Honorable Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and against Defendant:

a. granting Plaintiff all the sums and remedies requested in this Complaint;

b. imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees; and

d. granting Plaintiff any other relief that she may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 18th day of January, 2019.

*S/José F. Quetglas-Jordán*
USDC-PR #203411

**QUETGLAS LAW FIRM, P.S.C.**
1353, Luis Vigoreaux Ave.
PMB 657
Guaynabo, PR 00966
Tel:(787) 406-8915
Email:
jfquetglas@gmail.com;
quetglaslawpsc@gmail.com

11